IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

OPTUMCARE MANAGEMENT, LLC,

    Plaintiff,

vs.                                                                                       No.:   1:20-cv-00900

XIMENA P. GALARZA-RIOS, MD,

    Defendant.

### COMPLAINT FOR BREACH OF AGREEMENT NOT TO COMPETE

Plaintiff OptumCare Management, LLC ("OptumCare") brings this Complaint to assert a claim for damages against defendant Ximena P. Galarza-Rios, M.D. ("Dr. Galarza-Rios"). As grounds therefor, OptumCare alleges and states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.     Plaintiff OptumCare is a limited liability company. Plaintiff had a series of name changes, from Health Care Partners, LLC to DaVita Medical Management, LLC and thence, in turn, to OptumCare Management, LLC. *See* **Exhibit A** hereto (documents reflecting name changes from Health Care Partners, LLC to DaVita Medical Management, LLC and to OptumCare Management, LLC, respectively). Plaintiff is the same entity with whom Dr. Galarza-Rios entered the Noncompetition and Nonsolicitation Agreement. A true and correct copy of the Noncompetition and Nonsolicitation Agreement is attached hereto as **Exhibit B**.

2.     Upon information and belief, Defendant Dr. Galarza-Rios is a resident of Bernalillo County, New Mexico.

3.     The contracts on which this action is based were made in Bernalillo County.

4.     The cause of action and indebtedness sued upon arose in Bernalillo County.

5. The amount in controversy in this matter, exclusive of interest and costs, exceeds $75,000.00.

6. Neither the Plaintiff nor any of its members are citizens of New Mexico.

7. Complete diversity exists as between the Plaintiff and the Defendant.

8. This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1332 because there is complete diversity between the Plaintiff and the Defendant with an amount in controversy exceeding the statutory jurisdictional amount.

9. Venue is proper pursuant to 28 U.S.C. §1391(b).

10. The Court has jurisdiction over the parties.

### GENERAL ALLEGATIONS

Count I (Breach of Contract)

11. On or about July 24, 2012, Dr. Galarza-Rios was a Member of Medical Group Holding Company, LLC.

12. On or about July 24, 2012, Dr. Galarza-Rios, pursuant to and in connection with an Agreement and Plan of Merger, dated July 24, 2012 ("Merger Agreement"), entered into between Medical Group Holding Company, LLC and HealthCare Partners, LLC, executed a Noncompetition and Nonsolicitation Agreement with HealthCare Partners, LLC. *See* Ex. B

13. During her period of employment, Dr. Galarza-Rios had access to trade secrets, patient lists, payer contract terms, processes, inventions, cost data, specifications, secret methods, and other information of a confidential nature relating to the Plaintiff's business.

14. The Noncompetition and Nonsolicitation Agreement provided, in pertinent part, that for a period of two (2) years following Dr. Galarza-Rios' termination of employment ("the Noncompete Term"), she "shall not (a) be engaged as an employee, officer, director, agent or

consultant, or in any other similar capacity, with any medical group, independent practice association, hospital or clinic or other organization that is affiliated with a hospital, that provides medical services to Plan patients . . . where [Dr. Galarza-Rios'] services are provided at a location within the Service Area . . . ." Ex. B at 2, ¶ 2(a).

15. The term "Plan patients" as described in the Noncompetition and Nonsolicitation Agreement are patients enrolled with health plans with which OptumCare is contracted. *See also* Noncompetition and Nonsolicitation Agreement at 2(ii) (identifying the Plan contracts).

16. The Noncompetition and Nonsolicitation Agreement further provided that during the Noncompete Term, [Dr. Galarza-Rios] "shall not . . . recruit, solicit or otherwise seek to induce any person or entity that (i) provides services to HCP or any affiliate of HCP (including the Company) to terminate his or her employment or independent contractor relationship or violate any agreement with HCP or such affiliate or (ii) receives primary care medical services under any ABQ Plan Contract to receive primary care medical services from any provider other than through the Company." Noncompetition and Nonsolicitation Agreement at 2, ¶ 2(b). The term ABQ Plan Contract is named as such due to OptumCare's former ownership and name; however, the ABQ Plan Contracts were subsequently assigned to Plaintiff. *See* ¶ 1 & 13; [Exs. A & B].

17. The Noncompetition and Nonsolicitation Agreement defined "Service Area" as "the four-county area comprising Bernalillo County, Sandoval County, Torrance County and Valencia County, New Mexico and any location within 20 miles from [Dr. Galarza-Rios'] current primary practice location or at a location within 20 miles from the other practice locations of any of the ABQ Parties, in either case whether within or outside of such four-county area." Ex. B at 1, ¶ 1.

18. On November 15, 2019, Dr. Galarza-Rios voluntarily terminated her employment with the Plaintiff.

19. Upon information and belief, Dr. Galarza-Rios is now working as a physician at Lovelace Health, located in Albuquerque, New Mexico and within 20 miles from Dr. Galarza-Rios' primary practice location with OptumCare in violation of the obligations in the Noncompetition and Nonsolicitation Agreement to "not be engaged as an employee, officer, director, agent or consultant, or in any other similar capacity, with any medical group, independent practice association, hospital or clinic or other organization that is affiliated with a hospital, that provides medical services to Plan patients . . . where [Dr. Galarza-Rios'] services are provided at a location located within the Service Area . . . ." Ex. B at 2, ¶ 2(a).

20. Upon information and belief, Dr. Galarza-Rios has recruited and solicited employees and contractors of Plaintiff, in further violation of the obligations in the Noncompetition and Nonsolicitation Agreement to "not . . . recruit, solicit or otherwise seek to induce any person or entity that (i) provides services to HCP or any affiliate of HCP (including the Company) to terminate his or her employment or independent contractor relationship or violate any agreement with HCP or such affiliate or (ii) receives primary care medical services under any ABQ Plan Contract to receive primary care medical services from any provider other than through the Company." Ex. B at 2, ¶ 2(b)

21. Upon information and belief, Dr. Galarza-Rios, since on or about November 15, 2019, and continuously thereafter, has breached her obligations under the Noncompetition and Nonsolicitation Agreement by becoming employed by with Lovelace Health as a specialty physician in family medicine.

22. Upon information and belief, in the course of their relationship, Dr. Galarza-Rios has solicited and will continue to solicit employees of the Plaintiff on behalf of the Lovelace Health.

23. Under the Noncompetition and Nonsolicitation Agreement, Dr. Galarza-Rios agreed, "within 30 days of any violation of [the Noncompetition and Nonsolicitation Agreement] . . . [to] pay as damages to HCP an amount equal to the Merger Consideration received by [Dr. Galarza-Rios] pursuant to the Merger Agreement . . . ." Ex. B at 2, ¶4.

24. The Merger Consideration Dr. Galarza-Rios received was $662,821.22.

25. Consequently, Plaintiff's damages are $662,821.22.

26. Plaintiff has standing to pursue this matter.

Count II (Unjust Enrichment)

27. Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

28. A benefit was conferred upon Defendant in the amount of $662,821.22 in consideration of the Agreement.

29. Defendant knowingly benefitted at Plaintiff's expense.

30. In the alternative, if the Agreement is not enforceable, such that Defendant is not bound by the promises made in consideration of the Agreement, it would be unjust and inequitable for Defendant to retain the benefit of the consideration of $662,821.22 without repaying this amount to Plaintiff.

WHEREFORE, Plaintiff seeks judgment against Dr. Galarza-Rios as follows:

1. That Dr. Galarza-Rios be required to pay the plaintiff damages of $662,821.22, together with interest; and

2. Such other and further relief as this Honorable Court shall deem just and proper.

Respectfully submitted,

HOLLAND & HART, LLP

By: */s/ Little V. West*
    Little V. West
    Judd C. West
Post Office Box 2208
Santa Fe, NM 87504
110 North Guadalupe, Suite 1
Santa Fe, NM 87501
(505) 988-4421
lvwest@hollandhart.com
jcwest@hollandhart.com

14863148_v3