IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO
_____

DR. XIMENA P. GALARZA-RIOS, MD,

       Plaintiff,

v.                            No. 1:20-cv-813-WJ-CG
                                  consolidated with No. 1:20-cv-900-KWR-JFR

OPTUMCARE NEW MEXICO, LLC,

       Defendant,


**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND THE COMPLAINT TO JOIN ADDITIONAL DEFENDANTS AND CONSOLIDATE A RELATED CASE**

       THIS MATTER comes before the Court on the above-listed motion (the "Motion"), filed November 13, 2020 (**Doc. 16**). Plaintiff (1) moves to consolidate a related case captioned as *OptumCare Management, LLC v. Galarza-Rios* (1:20-cv-900-KWR-JFR), pursuant to Rule 42 and (2) requests leave to amend the Complaint to join Optum, Inc. and OptumCare Management, LLC as defendants. Briefing is complete on this matter. Doc. 24. The Court finds that Plaintiff's motion to consolidate and request for leave to amend the Complaint and join OptumCare Management, LLC is well-taken and therefore GRANTED. The Court finds that Plaintiff's motion and request for leave to amend the Complaint and join Optum, Inc. is not well-taken and therefore DENIED.

**Background**

       Plaintiff Ximena P. Galarza-Rios, MD was employed by ABQ Health Partners (the "medical group"), and in 2012, she entered into a Noncompetition and Nonsolicitation Agreement with HealthCare Partners, LLC (the "2012 Noncompetition Agreement" or the "Agreement").

Doc. 16-1 at 10–14. Between the years of 2012 and 2019, the medical group underwent several corporate changes, and by the time Dr. Galarza-Rios voluntarily terminated her employment around November 2019 it was owned and controlled by at least one of the following Optum, Inc. wholly-owned subsidiaries, OptumCare Management, LLC ("OptumCare Management") and OptumCare New Mexico, LLC ("OptumCare NM"). *See* Doc. 1-3 ¶ 5 (Decl. of Ryan Tyner, MD); *see also* Doc. 6 at 3– 4 (Supp Decl. of Ryan Tyner, MD); Doc. 16-1 at 8–9.

On June 29, 2020, Defendant's counsel, Little V. West,[1] sent Dr. Galarza-Rios a letter requesting settlement in the matter regarding her alleged breach of the Agreement and stating that if the matter remained unsettled, "OptumCare" would file a lawsuit on July 13, 2020. Doc. 16-1 at 1. The letter was accompanied by a draft complaint which included a caption naming OptumCare New Mexico, LLC f/k/a Davita Medical Group New Mexico, LLC as the plaintiff and Ximena P. Galarza-Rios, MD as the defendant. Doc. 16-1 at 2–6. The draft complaint specifically alleges that OptumCare NM has standing to enforce the Agreement against Dr. Galarza-Rios. *Id.* at 5.

In response to the letter and draft complaint, Dr. Galarza-Rios filed this lawsuit (the "First Action") against OptumCare NM in state court,[2] seeking declaratory judgment that the 2012 Noncompetition Agreement is void and unenforceable and seeking to enjoin OptumCare from bringing any lawsuit or enforcement actions against New Mexico physicians based on the 2012 Noncompetition Agreement.  Doc. 1-2 at ¶ 2. After removing the case, OptumCare NM asserted in its Answer the affirmative defense that "Plaintiff fails to name part(ies) necessary for full and adequate relief for this action." Doc. 3 at 4, ¶ 2. Approximately one week after filing its Answer

---

[1]     Defendant is also represented in this case by another Holland & Hart attorney named Judd C. West, a colleague of Little V. West. All instances of "Mr. West" in this Memorandum Opinion and Order refer to Little V. West.

[2]     This case was filed in the Second Judicial District Court of Bernalillo County as D-202-CV-2020-04029. Doc. 1-1.

in the First Action, Mr. West filed a separate lawsuit in federal court (the "Second Action"). The Second Action, captioned as *OptumCare Management, LLC v. Galarza-Rios*, 1:20-CV-00900-KWR-JFR, largely mirrors the draft complaint attached to the June 29th letter. Doc. 16-2. Dr. Galarza-Rios now wishes to consolidate these two actions and amend her Complaint to add OptumCare Management and Optum Inc. as defendants to her declaratory action.

Mr. West also represents OptumCare NM in an action against a different physician who signed the 2012 Noncompetition agreement, captioned *OptumCare New Mexico LLC v. Gutierrez-Barela*, No. 20-cv-00474-RB-SCY. Mr. West has a motion pending before Senior United States District Judge Robert C. Brack seeking leave of court to amend the complaint to substitute OptumCare Management, LLC for OptumCare New Mexico, LLC as the real party in interest in that case. *See* No. 20-cv-00474-RB-SCY, Doc. 17. Mr. West wishes for Dr. Galarza-Rios to do likewise: the Response opposes her request for leave to add defendants while remaining unopposed to an amendment that would merely substitute OptumCare Management for OptumCare NM.

Here, Mr. West makes the same argument as that found in his motion before Judge Brack: OptumCare Management is the only entity that is a party to the 2012 Noncompetition Agreement, and any settlement or legal action previously taken under the name of OptumCare NM was the result of a mistake. The Response contends that allowing Dr. Galarza-Rios to take a "shotgun" approach to ensure that she names all correct parties in her declaratory action would be an inappropriate use of the Federal Rules of Civil Procedure's provisions governing amending pleadings and permitting joinder.

## Legal Standard

When a plaintiff seeks leave to amend its complaint pursuant to Rule 15(a), the Court

"should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts in the Tenth Circuit "generally refuse leave to amend only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005) (quoting *Frank v. U.S. West, Inc*., 3 F.3d 1357, 1365 (10th Cir. 1993)). A decision to grant or deny leave to amend is reviewed for abuse of discretion. *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010).

Rule 20 states that entities may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Pursuant to Rule 42, the Court may consolidate actions that "involve a common issue of law or fact." Fed. R. Civ. P. 42(a). Trial courts are vested with a broad discretion in determining whether to order consolidation of cases. *Gillette Motor Transp. v. N. Okl. Butane Co*., 179 F.2d 711, 712 (10th Cir. 1950).

**Discussion**

## I.     Motion for Leave to Amend the Complaint

This ruling is governed by the liberal inquiry of whether "justice so requires" the Court to freely give leave to amend. *See* Fed. R. Civ. P. 15(a)(2); *see also Minter v. Prime Equip. Co*., 451 F.3d 1196, 1204 (10th Cir. 2006) ("[t]he purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on the merits rather than procedural niceties."). Having reviewed the pleadings and parties' arguments on this matter, the Court finds that the balance of justice tips in Dr. Galarza-Rios's favor, and therefore it grants Dr. Galarza-Rios leave to amend her Complaint and join OptumCare Management as a defendant. There is no showing that leave

to amend in this manner would be futile, unduly delay this case or cause undue prejudice to OptumCare NM. Nor has it been shown that Dr. Galarza-Rios is acting out of bad faith or dilatory motive. This is not a case in which a plaintiff failed to cure deficiencies by amendments previously allowed.

Defendant broadly argues that the proposed amendment would be futile because OptumCare Management is the only entity that is a party to the 2012 Noncompetition Agreement. While it is generally true that "aside from third-party beneficiaries, one who is not a party to a contract cannot maintain suit upon it," *Dollens v. Wells Fargo Bank, N.A.*, 2015-NMCA-096, ¶ 29, 356 P.3d 531, 542, this case presents a unique procedural history that warrants allowing Dr. Galarza-Rios to add OptumCare Management to her declaratory action. Allowing amendment and joinder will not, as the Response warns, cause duplicative and unnecessary efforts that put a strain on judicial resources. Dr. Galarza-Rios seeks a slightly broader scope to her declaratory action, and under these circumstances the Court finds that joining OptumCare Management as a defendant is appropriate.

Dr. Galarza-Rios has asked the Court to "determine the validity and enforceability of the 2012 Noncompetition Agreement," as well as a "declaration regarding [her] rights thereunder." Doc. 1-1 ¶ 45. Given the posture of this case, the Court agrees with Dr. Galarza-Rios that joinder of OptumCare Management will best channel the judicial authority enabled by the Federal Declaratory Judgment Act. *See* 28 U.S.C. § 2201 (a federal court "may declare the rights and other legal relations of any interested party seeking such a declaration"). Courts have held that declaratory relief is appropriate where "a plaintiff has an objective and reasonable apprehension of future litigation, which is of sufficient immediacy and reality, that a declaration of legal rights will terminate and afford from uncertainty, insecurity, and controversy giving rise to the

proceeding." *Columbia Gas Transmission, LLC v. Vlahos*, 94 F. Supp. 3d 728, 737 (E.D. Va. 2015) (internal quotations omitted). Such is the case in the First Action, where unique circumstances establish a colorable uncertainty over which subsidiary has legal rights under the 2012 Noncompetition Agreement. At this preliminary stage, governed by the lenient standards of Rules 15 and 20, the Court will not probe deeper into the justiciability of the declaratory action against these two subsidiaries. *Cf. Cheromiah v. United States*, No. CIV 97-1418-MV/RLP, 1998 WL 36030271, at *3 (D.N.M. Oct. 27, 1998) ("The declaratory plaintiff bears the burden of establishing the existence of a controversy by a preponderance of the evidence.") (quoting *Cardtoons, L.C. v. Major League Baseball Players Ass'n*, 95 F.3d 959, 965 (10th Cir. 1996)). However, the scenario described in *Columbia* does not give the Court a basis for allowing joinder of the parent company, Optum Inc.

Moreover, the Court finds no showing that an amendment and joinder of OptumCare Management would unduly prejudice OptumCare NM. Both subsidiaries are represented by the same counsel. The Response acknowledges that OptumCare Management is an appropriate party to this action, and counsel has yet to file a motion to dismiss OptumCare NM. With the evidence before it, the Court cannot conclude that OptumCare Management is an inappropriate defendant in Dr. Galarza-Rios' declaratory action.

**II.      Motion to Consolidate**

Parties do not dispute that First Action and the Second Action address the same issue: enforceability of the 2012 Noncompetition Agreement against Dr. Galarza-Rios. The Response does not oppose consolidation, but Defendant does ask the Court to keep these two cases separate until Dr. Galarza-Rios "corrects" her Complaint by substituting OptumCare NM with OptumCare Management. Because the Court is allowing Dr. Galarza-Rios to proceed against both of these

subsidiaries this argument is moot. The Court finds that consolidation is appropriate pursuant to Fed. R. Civ. P. 42.

<b>Conclusion</b>

For the reasons discussed above, Plaintiff's Motion (**Doc. 16**) is hereby **GRANTED IN PART AND DENIED IN PART**.

*Galarza-Rios v. OptumCare New Mexico, LLC* (1:20-cv-813-WJ-CG) and *OptumCare Management, LLC v. Galarza-Rios* (1:20-cv-900-KWR-JFR) are hereby **CONSOLIDATED**. **All future filings shall be filed in Case No. 1:20-cv-813-WJ-CG**.

Plaintiff is allowed leave to amend her Complaint to join OptumCare Management as a defendant to her declaratory action. Plaintiff is denied leave to amend with respect to joining Optum, Inc. as a defendant. Plaintiff shall file an Amended Complaint that is consistent with this Memorandum Opinion and Order **on or before March 12, 2021**.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE